**In re Russell CARVER and Norma Carver, Debtors.**

**Howard L. HEIKKILA and Reino W. Heikkila, Appellants,**

v.

**Russell CARVER and Norma Carver, Appellees.**

No. CIV 86–5100.

United States District Court, D. South Dakota, W.D.

Nov. 20, 1986.

James A. Nelson, Rapid City, S.D., James B. Holden, Sherman & Howard, Denver, Colo., for appellants.

Dennis W. Finch, Finch & Viken, Rapid City, S.D., for appellees.

## MEMORANDUM OPINION

BOGUE, Senior District Judge.

### PROCEDURAL HISTORY

This case is an appeal from a June 4, 1986, decision of the Bankruptcy Court. 61 B.R. 824. On July 11, 1986, an order pursuant to the memorandum decision was entered. The Heikkilas filed a notice of appeal on June 13, 1986, after the memorandum decision had been filed, and a supplemental notice of appeal and designation of record on or about July 16, 1986, after the relevant order had been filed. The appeal is appropriately before this Court pursuant to 28 U.S.C. § 158(a).

This Court has determined that, in accordance with Bankruptcy Rule 8012(3), oral argument on appeal will not be held because the facts and legal arguments are adequately presented in the briefs and the record and the decisional process would not be significantly aided by oral argument.

### ISSUES PRESENTED

Does a Section 362(a) stay apply to a judgment of strict foreclosure of a contract for deed when the judicially decreed period of redemption has not expired at the time the voluntary petition under Chapter 11 is filed?

Is a contract for deed executory within the meaning of Section 365 after it has been foreclosed but before the redemption period has expired?

Did the Bankruptcy Court err in concluding that the debtors could assume the contract for deed and cure defaults thereunder after the contract had been foreclosed?

### DECISION

First of all, it should be acknowledged that this case presents difficult legal issues. The June 4 memorandum decision of

the Bankruptcy Court was a reversal of the Bankruptcy Court's earlier resolution of the issues. The Bankruptcy Court obviously wrestled with the issues quite attentively. Nonetheless, it is the opinion of this Court that the June 4 memorandum decision of the Bankruptcy Court and the order entered pursuant thereto are erroneous as a matter of law.

A detailed statement of the relevant facts is set forth in the memorandum decision of the Bankruptcy Court. An outline of the most salient facts follows.

On January 2, 1979, the debtors purchased a 5,920 acre ranch from the Heikkilas pursuant to a contract for deed. Because the Heikkilas believed that the debtors had defaulted under the terms of the contract, the Heikkilas instituted suit for strict foreclosure of the contract in state court under SDCL 21–50 on March 23, 1984. After trial, on October 19, 1984, a judgment was entered in favor of the Heikkilas. In the judgment the trial court gave the debtors the opportunity to redeem the relevant property within ninety (90) days following entry of the judgment by paying the total balance due and owing under the contract, including interest, in the sum of Four Hundred Forty-eight Thousand Nine Hundred and One Dollar and Fifty-two Cents ($448,901.52), together with attorney's fees and costs. The trial court's decision was appealed to the South Dakota Supreme Court by the debtors. At the time that 13 days remained prior to the expiration of the redemption period, a stay pending appeal was obtained. On November 13, 1985, the South Dakota Supreme Court affirmed the trial court's foreclosure judgment. The debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 3, 1985.

On or about January 3, 1986, the debtors filed a motion requesting the Bankruptcy Court to allow the debtors "to cure or reject" the contract for deed as an executory contract pursuant to 11 U.S.C. § 365. The Heikkilas objected to the motion and also filed a motion for relief from stay alleging that the debtors' redemption period and any possessory rights would expire on February 1, 1986. The Heikkilas' motion further requested that the Heikkilas be permitted to dispossess the debtors from the ranch after that date. Both motions were heard on January 28, 1986. On February 11, 1986, the Bankruptcy Court entered an Order Denying Motion Pursuant to 11 U.S.C. § 365 and further entered an Order Granting Relief from Stay which would have allowed the Heikkilas to repossess the ranch if the same had not been disturbed.

On February 11, 1986, the debtors moved the Court to vacate its orders and to grant a new trial. Part of the basis of that motion was the Bankruptcy Court's alleged failure to allow the debtors to present evidence in support of their motion concerning the applicability of Section 365. A hearing on the February 11 motion was held on February 25. The June 4 memorandum decision followed. In that decision the Bankruptcy Court reversed its previous legal conclusion and ruled that the foreclosed contract for deed was an executory contract which was subject to assumption under 11 U.S.C. § 365.

█ It is settled law that a contract for deed constitutes an executory contract. *See, e.g., In re Speck*, 798 F.2d 279 (8th Cir.1986). The Bankruptcy Court extended the executory nature of the contract for deed a step further, however. The Bankruptcy Court ruled that, even after the foreclosure judgment had been entered, the contract remained executory in nature. This Court cannot concur with that legal conclusion. Once foreclosed, the contract is no longer executory. When the foreclosure judgment was entered, any right to "cure" the default ceased. The only means by which the Carvers could have retained any interest in the real property in question was to have exercised their right of redemption as set forth in the foreclosure judgment. As stated earlier, the exercising of that right involved paying the balance due under the purchase price of the contract in total.

In the case of *Johnson v. First National Bank of Montevideo, Minn.*, 719 F.2d 270, 274 (8th Cir.1983), *cert. denied*, 465 U.S.

1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984), the Court of Appeals for the Eighth Circuit observed:

> [A]bsent a specific grant of authority from Congress or exceptional circumstances, a bankruptcy court may not exercise its equitable powers to create substantive rights which do not exist under state law.

In essence, the decision of the Bankruptcy Court does precisely that. The Bankruptcy Court's decision gives the debtors the right to reinstate the contract. The foreclosure judgment terminated the debtors' rights under the contract and left the debtors with the right to redeem as specified and defined by the judgment. If the Bankruptcy Court's decision were allowed to stand, the debtors would receive new opportunities under the contract which had been foreclosed by the state court pursuant to the foreclosure judgment, which judgment was affirmed on appeal. New rights cannot be so created by the filing of a bankruptcy petition.

The sole remaining issue is whether the running of the redemption period set forth in the judgment is tolled by the filing of the voluntary petition, or whether the time within which the right to redeem exists is only briefly extended in accordance with 11 U.S.C. § 108(b). The Bankruptcy Court held that 11 U.S.C. § 362(a) stayed the installment land contract foreclosure process. On the basis of this conclusion, that court further held that the contract must be deemed to be an executory contract and that 11 U.S.C. § 365, rather than 11 U.S.C. § 108(b), governed the time for curing defaults under the contract. The Court cannot agree.

The Bankruptcy Court engaged in a three-fold analysis to arrive at its conclusion that 11 U.S.C. § 365 applied. First of all, the Bankruptcy Court concluded that

the Clerk of Court's certification process (as set forth in SDCL 21–50–6)[1] constitutes a continuation of judicial proceedings within the scope of 11 U.S.C. § 362(a)(1). Under that statute, in the event that the Clerk of Court does not receive an appropriate document evidencing compliance with the judgment, the Clerk is then required to certify noncompliance with the judgment. In this Court's view, no judicial proceeding of any variety is required for the Clerk's action to take place. Instead, the simple passage of time without compliance with the judgment triggers the requirement that the Clerk act. Therefore, Section 362(a)(1) does not apply.

Secondly, the Bankruptcy Court held that the transfer of the debtor's equitable property interest in the foreclosure process constituted the enforcement of a pre-petition judgment obtained against the debtors or his property. Once again, this Court does not agree that the running of the redemption time set forth in a pre-petition judgment of foreclosure constitutes a transfer which is violative of 11 U.S.C. § 362(a)(2).

Finally, the Bankruptcy Court concluded that the Clerk of Court's certification process constitutes an act to obtain property of the estate within the scope of 11 U.S.C. § 362(a)(3). For all the reasons previously specified, the clerical and mandatory act of the Clerk of Court cannot be so characterized.

For all the reasons set forth in the memorandum opinion, a judgment reversing the Bankruptcy Court's memorandum decision and order will be entered.

1. 21–50–6. Clerk's certificate as to noncompliance with judgment—Conclusive evidence of facts. Unless such record of compliance with the judgment is made on or before the date fixed for such compliance in the judgment, the clerk of the court shall certify that the time for compliance with said judgment has expired and that no compliance has been made and that the same has become the final judgment of the court, which certificate may be endorsed upon or attached to the judgment, and shall be dated, signed, sealed, and filed by the clerk of the court and shall be conclusive evidence of the facts necessary to establish the judgment as final so far as the rights of subsequent purchasers and encumbrancers in good faith and for value are concerned.