828 F.2d 463
 17 Collier Bankr.Cas.2d 771, Bankr. L. Rep. P 71,977
In re Russell CARVER and Norman Carver, Debtors.
Howard L. HEIKKILA and Reino W. Heikkila, Appellees,
v.
Russell CARVER and Norman Carver, Appellants.
 No. 87-5004.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1987.
Decided Sept. 8, 1987.
 
 Dennis W. Finch, Rapid City, S.D., for appellants.
 James B. Holden, Denver, Colo., for appellees.
 Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and MURPHY,* District Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Russell and Norma Carver appeal from the district court's[1] decision that a judicially decreed period of redemption is not automatically stayed pursuant to 11 U.S.C. Sec. 362(a) (1982 & Supp. II 1984). We affirm.
 
 
 2
 On December 3, 1985, the Carvers filed for bankruptcy under Chapter 11. Before this filing, a South Dakota state court entered a judgment in a strict foreclosure action declaring that the Carvers, as vendees, had defaulted on a contract for deed they had entered with Howard and Reino Heikkila pertaining to certain real estate in South Dakota. Pursuant to S.D.C.L. Sec. 21-50-3 (1987), the state court gave the Carvers ninety days to redeem the contract.
 
 
 3
 When the Carvers filed under Chapter 11, the ninety-day redemption period had not yet expired. In response to motions concerning whether and when the Carvers could cure their default, the bankruptcy court held that the running of the redemption period was automatically stayed by 11 U.S.C. Sec. 362(a). In re Carver, 61 B.R. 824 (Bankr.D.S.D.1986). Relying on this court's opinion in Johnson v. First National Bank of Montevideo, 719 F.2d 270 (8th Cir.1983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984), the district court reversed, holding that the redemption period was only temporarily stayed pursuant to 11 U.S.C. Sec. 108(b) (Supp. II 1984), 71 B.R. 20. This appeal followed.
 
 
 4
 In Johnson, this court held that "Congress intended Sec. 362(a) to prohibit only certain types of affirmative actions." 719 F.2d at 276 (emphasis in original); see also Maanum v. Reiffer (In re Maanum ), 828 F.2d 459, 460 (8th Cir.1987). We thus rejected the argument that "an automatic transfer of property, following the expiration of a period of redemption, constitutes either an 'act' or 'proceeding,' or the 'enforcement' of a right within the meaning of Sec. 362(a)." 719 F.2d at 276. In the present situation, the Heikkilas were not required to take any affirmative actions to regain their interest in the subject property at the expiration of the redemption period. Under South Dakota law, when a debtor to a contract for deed is subject to an adverse foreclosure judgment and fails to comply with the contract within the judicially decreed period of redemption, "such judgment shall be and become final without further order of the court, and all rights asserted under the contract sued on shall thereupon be forever barred and foreclosed." S.D.C.L. Sec. 21-50-3.
 
 
 5
 The Carvers argue that because the clerk of the court must certify that the Carvers failed to comply with the contract within the redemption period, see id. Sec. 21-50-6, an affirmative act is required to defeat their interest, thus rendering inapplicable the "automatic transfer" rationale of Johnson. This certification, however, is not an act required to complete the running of the redemption period. Instead, it applies after the time for compliance with the judgment has expired and after the judgment has become final. Id. Any contractual rights the debtor may have possessed will already have been automatically extinguished at the time of certification. See id. Sec. 21-50-3. This ministerial certification requirement can therefore never prevent the otherwise valid transfer of rights that occurs at the expiration of the judicially decreed redemption period. We thus reject the Carvers' contention that this routine certification constitutes a judicial proceeding or act to obtain possession of property under 11 U.S.C. Sec. 362(a)(1) or (a)(3).
 
 
 6
 Our conclusion that section 362(a) does not toll a judicially decreed redemption period is bolstered by the language of 11 U.S.C. Sec. 108(b). As we stated in Maanum, supra, "[s]ection 108(b) and section 362(a) are mutually exclusive; anything temporarily stayed under the specific language of section 108(b) is not indefinitely stayed by the more general language of section 362(a)." 828 F.2d at 460 (citing Johnson, 719 F.2d at 277-78). Among other things, section 108(b) governs "an order entered in a nonbankruptcy proceeding [that] * * * fixes a period within which the debtor * * * may * * * cure a default, or perform any other similar act." The South Dakota state court's order fixing the period in which the Carvers could comply with the contract undoubtedly constitutes such an order.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE DIANA E. MURPHY, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota