**Pat and Yvonne EWALT, Plaintiffs and Appellees,**

v.

**MEREEN–JOHNSON MACHINE COMPANY, a corporation, Defendant and Appellant.**

Nos. 15497, 15567.

Supreme Court of South Dakota.

Considered on Briefs April 24, 1987.

Decided Oct. 14, 1987.

Lee Schoenbeck, Webster, for plaintiffs and appellees.

Leon J. Vander Linden, Webster, for defendant and appellant.

PER CURIAM.

Defendant Mereen-Johnson Machine Co. (Employer) appeals from a summary judgment granted to plaintiffs Pat and Yvonne Ewalt in this breach of contract case. Ewalts have filed a notice of review on the issue of attorney fees. We affirm in part, reverse in part, and remand.

## FACTS

Employer is a Minnesota corporation which operates a foundry and machine shop in Webster, South Dakota. Employer has a self-funded employee benefit plan which provides health, life, and accident insurance to employees who make the required contributions. The benefit plan was created pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), a federal act codified at 29 U.S.C. §§ 1001–1461. The terms of the plan provide that an employee's benefits will terminate at the end of the month in which his employment is terminated. Pregnancy is an "illness" covered by the health insurance portion of the benefit plan.

Pat Ewalt worked as a welder for Employer for several years prior to being fired on June 21, 1985. During those years, Ewalt participated in the employee benefit plan. Ewalt's wife Yvonne learned that she was pregnant just one day before Ewalt was fired. The employee benefit plan paid all of Yvonne's pregnancy-related medical bills incurred through June 30, 1985 (the end of the month in which Ewalt's employment was terminated), but refused to pay any expenses incurred after that date. Consequently, Ewalts brought suit against Employer, alleging breach of insurance contract and seeking payment of the balance of Yvonne's medical bills. The trial court ruled that since the pregnancy was an incident occurring within the benefit plan's coverage period, the plan should pay all of the medical expenses for the entire pregnancy.

## ISSUE I: ERISA PREEMPTION

■ The first issue in this case, which we raise sua sponte, is whether the provisions of ERISA preempt the state contract action brought by Ewalts. The United States Supreme Court recently ruled that state common law contract and tort actions asserting improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are preempted by the civil enforcement provisions of ERISA § 502(a); Congress intended those provisions to be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries. *Pilot Life Ins. Co. v. Dedeaux,* —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In a companion case, the Supreme Court ruled that because ERISA-based claims are federal in character, the claims are removable to federal court by the defendants. *Metropolitan Life Ins. Co. v. Taylor,* —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). These Supreme Court decisions were issued after the notice of appeal, notice of review, and briefs were filed in the present case. Therefore, we are faced with the question of whether the decisions should be applied retroactively to the case at hand.

As a rule, United States Supreme Court decisions apply retroactively. *Solem v. Stumes,* 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984). However, the Constitution neither prohibits nor requires retroactive effect, and in appropriate cases the Court may in the interests of justice rule that a decision has prospective effect only. *Id.; Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *see* Annot., 65 L.Ed.2d 1219 (1981). In *England v. Louisiana State Bd. of Med. Exam.,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), the Supreme Court addressed certain procedural rules regarding the litigation of federal claims in state courts. The Court concluded that its decision should be applied prospectively only, since the parties had reasonably relied upon proper authorities, including the decisions of a lower federal court. 375 U.S. at 422, 84 S.Ct. at 468, 11 L.Ed.2d at 449. A similar situation exists here. Prior to the Supreme Court's decisions in *Pilot Life* and *Metropolitan*

*Life,* lower federal courts had ruled that common law contract actions were not preempted by ERISA. *Cattin v. General Motors Corp.,* 612 F.Supp. 948 (E.D.Mich. 1985) and cases cited therein; *see also Ex Parte Ward,* 448 So.2d 349 (Ala.1984). Therefore, absent a United States Supreme Court ruling to the contrary, we will not retroactively apply *Pilot Life* and *Metropolitan Life* to the facts of this case.

## ISSUE II: MEDICAL EXPENSE POLICY

Employer's sole issue is: did the trial court err when it granted summary judgment to Ewalts and ordered Employer to pay for Ewalts' pregnancy-related medical bills incurred after June 30, 1985? Employer argues that the plan is for employees of the company, and when one ceases to be an employee, he is no longer entitled to the benefits of an employee.

Summary judgment should be rendered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. SDCL 15–6–56(c); *American Indian Agricultural Credit Consortium, Inc. v. Fort Pierre Livestock, Inc.,* 379 N.W.2d 318 (S.D.1985).

■ Courts have generally distinguished, in these types of cases, medical expense policies on the one hand and accident and illness insurance policies on the other. This concept is critical to our decision herein. If a policy provides coverage for medical *expenses* or *charges* which result from a disease or condition having its inception during the policy term, the insurer is not liable for related expenses which are incurred after the coverage is terminated. *Wulffenstein v. Deseret Mutual Ben. Assn.,* 611 P.2d 360 (Utah 1980); *Auto-Owners Ins. v. Blue Cross and Blue Shield,* 132 Mich.App. 800, 349 N.W.2d 238 (1984); Annot., 66 A.L.R.3d 1205, § 2 (1975). But if the terms of the insurance contract indicate coverage of *accidents, illnesses,* or *conditions* arising during the term of the contract, the insurer is liable for related medical expenses incurred after

the coverage is terminated. *Id.* at § 3. So how do we view "pregnancy" in this case?

Here, Employer's benefit plan clearly provides coverage for medical "expenses" and "charges." We must review a pertinent handbook. On page 5 of the benefit plan handbook, the following coverage is set forth:

### BASIC MEDICAL BENEFITS

| | |
|---|---|
| Hospital Expenses | 100% of eligible expenses for 365 days per illness. Maximum Room & Board allowance is the hospital's semi-private room rate. |
| Surgical Expenses | 100% of usual & customary charges |
| In-Hospital Doctor Expenses | 100% of usual & customary charges |

### MAJOR MEDICAL BENEFITS

| | |
|---|---|
| Deductible | $100 per person per calendar year |
| Co-Insurance | Chemical Dependency and Mental or Nervous out-patient charges covered at 60% |
| | All other eligible expenses covered at 80% of the first $25,000 and 100% of the balance of the calendar year. |
| Lifetime Maximum Benefit | $250,000 |

The handbook also explains the procedure to be followed when an insured individual has a claim: "Written notice of a *medical expense* should be submitted to CBSA within 20 days...." (page 15, emphasis added).

 Since Employer's benefit plan covers "expenses" and "charges" rather than "illnesses" and "conditions," Employer is not liable for Ewalts' pregnancy-related expenses incurred after June 30, 1985, the date on which insurance coverage was terminated. Therefore, Ewalts are not entitled to judgment as a matter of law, and the trial court erred in granting summary judgment. SDCL 15–6–56(c).*

### ISSUE III: ATTORNEY FEES

On notice of review, Ewalts argue that the trial court erred by refusing to award them attorney fees pursuant to SDCL 58–12–3. The statute states that if there is a vexatious or unreasonable refusal by an insurance company to pay the full amount

---

* We also note that under the employee benefit plan, Ewalt could have converted the group medical coverage to an individual plan which

of a loss, the trial court shall allow the plaintiff a reasonable sum as attorney fees. Whether the refusal to pay is vexatious or without reasonable cause is a question of fact. This court will not reverse unless the decision of the trial court is clearly erroneous. *Johnson v. Skelly Oil Co.*, 359 N.W.2d 130 (S.D.1984); *Ranger Ins. Co. v. Macy*, 88 S.D. 674, 227 N.W.2d 426 (1975).

 After examining the record, we agree with the trial court that Employer had reasonable cause to defend the action brought by Ewalts. Therefore, the trial court's findings on this issue are not clearly erroneous.

The judgment is affirmed in part, reversed in part, and remanded.

would have covered his entire family after June 30, 1985. Ewalt chose not to do so.