**Russell CARVER and Norma Carver, Plaintiffs and Appellants,**

v.

**Howard HEIKKILA a/k/a Howard L. Heikkila and Reino Heikkila, a/k/a Reino W. Heikkila, Defendants and Appellees.**

**No. 17065.**

Supreme Court of South Dakota.

Considered on Briefs, Nov. 29, 1990.

Decided Jan. 23, 1991.

Dennis W. Finch, Finch, Viken, Viken & Pechota, Rapid City, for plaintiffs and appellants.

James S. Nelson, Gunderson, Palmer, Goodsell & Nelson, Rapid City, Max Main, Bennett & Main, P.C., Donn Bennett, Bennett & Main, P.C., Belle Fourche, for defendants and appellees.

SABERS, Justice.

Carvers' declaratory judgment action was dismissed on grounds of res judicata, and they appeal.

### Facts

In 1971, Heikkilas leased their oil and gas rights on a portion of their ranch to Inland Oil & Gas Corporation (Inland). In 1977, the portion of the ranch whose oil and gas rights were leased to Inland became part of the West Short Pine Hills Shannon Gas Field (common field).

In 1979, Heikkilas sold the entire ranch by contract for deed, including the common field portion, to Carvers. The contract for deed reserved to Heikkilas an undivided ninety percent mineral interest in the ranch, but gave Carvers the right to receive payment from Heikkilas for any "physical damage ... caused by Sellers' ... operations." The contract also provided an arbitration procedure in case of a disagreement over the presence or amount of damages.

These transactions have been the subject of much arbitration and litigation [1] between Heikkilas and Carvers over the past five years. For purposes of this appeal, the relevant case is *Heikkila v. Carver*, 416 N.W.2d 593 (S.D.1987). In that action, Heikkilas sought a declaratory judgment defining the scope of the damages Carvers could seek under the arbitration clause of the contract for deed. We held that Heikkilas are not contractually liable for damages caused to the ranch by Inland's activities outside the ranch even if conducted under Inland's 1971 oil and gas rights lease from Heikkilas.

> Heikkilas are not liable for damages that occur due to [Inland's] development outside the ranch, regardless of whether those activities benefit the Heikkilas' mineral interest. There is no provision in the contract that such off-ranch activities will be considered "seller operations." "Seller operations" include only those activities conducted by [Inland] on some part of the ranch itself, and such activities are compensable by Heikkilas. [Inland] may be liable for off-ranch activities that cause damages, but liability depends upon the application of general tort law principles or statute.

*Id.* at 597–598.

At an arbitration meeting held November 1, 1989 following our decision, Heikkilas

1. *Heikkila v. Carver*, 378 N.W.2d 214 (S.D.1985); *Heikkila v. Carver*, 416 N.W.2d 591 (S.D.1987); *Heikkila v. Carver*, 416 N.W.2d 593 (S.D.1987); *In re Carver*, 61 B.R. 824 (Bkrtcy.D.S.D.1986); *In re Carver*, 71 B.R. 20 (D.S.D.1986); *In re Carver*, 828 F.2d 463 (8th Cir.1987).

and Carvers disagreed about what the decision meant. Specifically, they disputed the effect of the decision on two or three gas wells located on Carvers' property but operated under leases with mineral right owners claimed to be other than Heikkilas. Heikkilas contend that they are not contractually obligated to pay Carvers for damages to their ranch caused by this oil and gas development, because even though it takes place within the boundaries of the ranch property, it is clearly not part of "seller operations." Carvers claim that since that particular point was not decided by this court, and since agreement was not reached in the contractual arbitration process, the question must be decided in this declaratory judgment action.

Carvers commenced this declaratory judgment action on November 14, 1989. On December 4, 1989, Heikkilas filed a motion to dismiss. Following a hearing, the court granted Heikkilas' motion to dismiss on January 29, 1990, on the basis that Carvers' action is barred by res judicata and fails to state a claim upon which relief can be granted. SDCL 15–6–12(b)(5). Carvers filed their notice of appeal on March 26, 1990.

*Is Declaratory Judgment Relief Proper?*

SDCL 21–24–1 provides that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.... [S]uch declaration shall have the force and effect of a final judgment or decree."

■ SDCL 21–24–3 further provides:
Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
In general, all that is required for a declaratory judgment action is the existence of a justiciable and ripe controversy between adversely interested parties. *State Highway Comm'n v. Sweetman Constr. Co.*, 83 S.D. 27, 153 N.W.2d 682, 684 (1967). *See also Great Northern Ry. Co. v. Mustad*, 76 N.D. 84, 33 N.W.2d 436, 442 (1948); *State ex rel. La Follette v. Dammann*, 220 Wis. 17, 264 N.W. 627, 629 (1936).

■ The correct construction of a prior judgment or order is normally an appropriate subject for a declaratory judgment action. While a declaratory judgment obviously cannot alter the terms of a final judgment, it "may clarify the terms of the order if they are ambiguous. The court may thus inquire into the intent [of] the order." *Nelson v. Quade*, 413 N.W.2d 824, 827 (Minn.App.1987) (*citing Landwehr v. Landwehr*, 380 N.W.2d 136, 139 (Minn. App.1985)). *Accord In re Estate of Klages*, 209 N.W.2d 110, 115 (Iowa 1973); *National–Ben Franklin Fire Ins. Co. v. Camden Trust Co.*, 21 N.J. 16, 120 A.2d 754, 757 (1956); *Whitworth v. Heinzle*, 246 Iowa 1155, 70 N.W.2d 536, 539 (1955).

There is some authority to the contrary. *Anderson v. Wyoming Development Co.*, 60 Wyo. 417, 154 P.2d 318, 338 (1944), states that declaratory judgments are "not intended to be used to elucidate or interpret judicial decrees or judgments already entered ..." (*quoting* 16 Am.Jur. *Declaratory Judgments* § 23 (1938)). In that case, however, the prior judgment had stood for thirty years before the plaintiff brought his declaratory judgment action. There is nothing in South Dakota case law to suggest that declaratory judgments under SDCL ch. 21–24 are not available to construe prior judgments which are genuinely ambiguous. Although the construction of prior judgments is not enumerated in SDCL 21–24–3 as a proper subject for a declaratory judgment action, SDCL 21–24–6 states that "[t]he enumeration in § [ ] 21–24–3 ... does not limit or restrict the exercise of the general powers conferred in § 21–24–1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

The declaratory judgment in *Heikkila v. Carver*, 416 N.W.2d 593, made four final determinations, none of which expressly addressed the status of the two or three gas wells situated on Carvers' ranch but claimed to be not directly connected to Heikkilas' mineral rights or to the 1971 Inland lease. Although we did say that "'[s]eller operations' include only those activities conducted by [Inland] on some part of the ranch itself," *id.* at 598, the context makes it clear that we were speaking of Inland's on-ranch operations as opposed to Inland's off-ranch operations—not as opposed to some "claimed" third party's on-ranch operations. The latter question was not presented. We also said that "[u]nder the [1979 Carver] contract for deed, Heikkilas must pay for damages regardless of whether the damages are covered under the [1971 Inland] lease or result from a reasonably necessary surface use." *Id.* In short, our decision left the status of the few on-ranch but "non-Heikkila wells" and their attendant operations unanswered.

Nevertheless, Heikkilas suggest that even if there is a genuine controversy which our prior judgment did not settle, Carvers are still precluded from litigating that issue by the doctrine of res judicata because they could have raised it in the previous action. "The doctrine of res judicata serves as a *claim* preclusion to prevent relitigation of an *issue actually litigated or which could have been properly raised and determined* in a prior action." *Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153, 157 (S.D.1983). (Emphasis original).

However, it is critically important to the resolution of this question that not only is this appeal a declaratory judgment action, but the prior judgment was also a declaratory judgment action. Like any other judgment, a declaratory judgment which is valid and final "is conclusive, *with respect to the matters declared* ..." Restatement (Second) of Judgments § 33 (1982), Comment b (emphasis added). However:

When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. The effect of such a declaration ... is not to merge a claim in the judgment or to bar it. Accordingly, *regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.*

A plaintiff who wins a declaratory judgment may go on to seek further relief, even in an action on the same claim which prompted the action for a declaratory judgment.... *[I]t is irrelevant that the further relief could have been requested initially* [.]

A plaintiff who has lost a declaratory judgment action may also bring a subsequent action for other relief.... The theory is the same: *a declaratory action determines only what it actually decides* and does not have a claim preclusive effect on other contentions that might have been advanced.

*Id.*, Comment c (emphasis added).

It is obvious that the operations now in question are either:

(1) seller operations (including those of Heikkilas' lessees or their assigns);

(2) Carvers' operations; or

(3) the operations of a stranger without approval or authority from (1) or (2).

Incredible as it may seem, the record fails to show factually whether it is (1), (2) or (3). The only excuse for the parties' failure is that they may have been prevented from doing so by the trial court's ruling.

Since Carvers and Heikkilas disagree about whether the wells in question are part of "seller operations," and since the issue is not precluded nor a cause of action barred by res judicata, it was proper for either Heikkila or Carver to seek a declaratory judgment to settle the question. Therefore, it was error for the court to dismiss Carvers' declaratory judgment action.

Reversed and remanded.

MILLER, C.J., and WUEST and HENDERSON, JJ., and MORGAN, Retired Justice, concur.

MORGAN, Retired Justice, participating.

HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, not participating.