**NORTH STAR MUTUAL INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**Patricia E. KNEEN and Arthur E. Kneen, Defendants and Appellees.**

**Nos. 17561, 17569.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 3, 1991.

Decided May 6, 1992.

Michael J. Schaffer, Marie E. Hovland, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Carl F. Haberstick, Fosheim & Haberstick, Huron, for defendant and appellee Patricia E. Kneen.

E. Steeves Smith, Tinan & Smith, Mitchell, for defendant and appellee Arthur E. Kneen.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

North Star Mutual Insurance Company (North Star) commenced this action in the Fourth Judicial Circuit Court against Patricia Kneen (Patricia) and Arthur Kneen (Arthur), by declaratory judgment complaint. Patricia filed a motion to dismiss. Arthur filed a motion for partial summary judgment.

The trial court granted Arthur's motion for partial summary judgment, determining that North Star had a duty to defend Arthur and deferring final resolution of the coverage issues until after trial of the underlying action. Arthur filed a notice of review contesting the court's order denying his request for attorney fees and litigation expenses which were incurred in defending the declaratory judgment action.

On appeal, North Star raises the following issues:

I. Did the trial court err in holding that the insurance coverage question cannot be resolved through a declaratory judgment action, prior to trial of the underlying lawsuit? We hold that it did.

II. Did the trial court err in holding that North Star has a duty to defend Arthur Kneen in the underlying lawsuit? We hold that it did not.

III. Did the trial court err in denying Arthur Kneen's request for attorney's fees and expenses incurred in defending the declaratory judgment action? We hold that it did not.

## FACTS

Patricia and Arthur Kneen are former spouses who obtained a divorce in South Dakota in 1987. The divorce decree gave joint custody of the couple's two children, although Arthur retained primary custody. By the divorce decree, Patricia exercised visitation rights for a certain number of weekends and one to two months during the summer.

On September 8, 1989, Patricia entered Arthur's property for the purpose of exercising her visitation rights. A dispute erupted between the two parties concerning Patricia's refusal to contact Arthur concerning the welfare of the children during the summer visitation. Additionally, Arthur was concerned over where the children resided during the summer visitation. Because of these concerns, Arthur refused to let Patricia take custody. A scuffle ensued when Arthur forcibly took Patricia

out of her car and then removed one of the minor children. Patricia then re-entered the front driver's side of the car with the other minor child in the passenger side. At this point, the parties' assertion of the nature of the offense diverge. Admittedly, Arthur forcibly grabbed Patricia in an attempt to again remove her from the car and gain control of the child in the car. It was at this time that Patricia's arm was broken. During this whole occurrence, Patricia also suffered numerous bruises and bumps about her body.

Patricia filed a civil complaint against Arthur containing two counts. She based her claim for damages on alternative theories. Count I alleges negligence, i.e., that Arthur's negligent acts caused her injuries. Count II alleges an intentional tort, i.e., that Arthur acted intentionally to inflict injuries. These two counts trigger the dispute between North Star and Arthur.

Arthur had a policy of insurance procured from North Star. Under the "Exclusions" section of this insurance policy, the following provision is included in subsection 1.h.: "(This policy does not apply to liability) resulting from bodily injury or property damage *caused intentionally by or at the direction of the insured.*" In addition, the policy provides coverage for liability for "bodily injury or property damage caused by an occurrence" to which the coverage of the policy applies. Occurrence is defined in the policy to mean *"an accident . . . ."*

North Star asserted in its declaratory judgment that it had no duty to defend Arthur nor provide coverage for him in the underlying action initiated by Patricia. North Star contends that Patricia's claim against Arthur arises out of an intentional act and that such claim is, therefore, excluded from coverage under the North Star policy.

1. Kneen v. Kneen, Civ. 90–011.

2. SDCL 21–24–14.

    This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; *and is to be liberally construed and administered.*

Our review considers the partial summary judgment order. South Dakota courts may grant summary judgment when, viewing the evidence in the light most favorable to the nonmoving party, the moving party clearly shows that there is not an issue of material fact present. *Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968).

## DECISION

I. *Did the trial court err in initially refusing to consider North Star's declaratory judgment action?* We hold that it did.

North Star argues that a declaratory judgment action is the proper vehicle for determining, pre-trial, whether the claims asserted against its insured in the underlying lawsuit[1] trigger coverage under the insurance policy. Additionally, North Star argues that a declaratory judgment action is the proper vehicle for determining generally, pre-trial, whether it has a duty to defend Arthur Kneen.

The trial court based the Order granting partial summary judgment—thereby disposing of the declaratory judgment action—on the premise that (1) the declaratory judgment action would not settle the controversy in the underlying case; (2) the obligations of North Star to Arthur cannot be determined until after trial of the underlying case; and (3) any relief granted from the declaratory judgment action would result in two trials instead of one. North Star still had the opportunity to reserve its rights to contest coverage after trial.

North Star initiated this action pursuant to South Dakota's Declaratory Judgment Act, SDCL 21–24, specifically citing SDCL 21–24–14.[2] In conjunction with SDCL 21–24–14, North Star cites to SDCL 15–6–57,[3]

3. 15–6–57. Declaratory Judgments.

    The procedure for obtaining a declaratory judgment pursuant to chapter 21–24, shall be in accordance with this chapter, and the right to trial by jury may be demanded under the circumstances and in the manner provided in 15–6–58 and 15–6–39. The existence of another adequate remedy does not preclude a judg-

Declaratory Judgments, as authority for the argument that it is entitled to have the coverage issues resolved by the declaratory judgment action prior to trial of the underlying lawsuit.

Unquestionably, a trial court has discretion to grant or deny a declaratory judgment action. *See, Royal Indem. Co. v. Metropolitan Cas. Co. of N.Y.*, 80 S.D. 541, 546, 128 N.W.2d 111, 114 (1964). In this case, the trial court abused its discretion by ruling that North Star could not have the coverage question decided until the underlying action was resolved. The ruling by the trial court granting Arthur's motion for partial summary judgment in the declaratory action created a conflict of interest. North Star has an interest in establishing that Arthur's acts were beyond the scope of the policy, yet it also owes Arthur the duty to defend against Patricia's claims. This type of conflict has been dealt with previously by the Michigan courts:

> In earlier cases, automobile liability insurers were denied judgments declaring their liability under policies on the ground that the question could be determined in an action against the insurer after the determination of the insured's liability.... The practical effect of denying declaratory relief was to force the liability insurer to conduct the defense on behalf of the insured when he was sued by the injured party, even though it might subsequently be determined that the insured was not covered. *It is for this very reason that cases of this type have consistently been recognized as appropriate subjects for declaratory relief in other jurisdictions.*

*Group Ins. Co. of Mich. v. Morelli*, 314 N.W.2d 672, 674–75 (Mich.App.1981) (citations omitted) (emphasis added).

This Court has, in the past, allowed a party to bring a declaratory judgment action to determine the rights and duties between insurers and insureds, pursuant to an insurance policy. *Standard Casualty Co. v. Boyd*, 75 S.D. 617, 71 N.W.2d 450 (1955). In *Boyd*, this Court determined

that a declaratory judgment action may be properly utilized to resolve such a controversy between an insurer and an insured. In that case, an insurance company initiated a declaratory judgment action seeking determination of its rights and duties arising out of an insurance policy issued to its insured. The action was initiated prior to the commencement of any underlying action by those claiming to have been injured by the acts of the insured. The primary question to be resolved by the declaratory judgment was whether there was a binding insurance policy agreement existing between the parties. This issue could not have been determined in the underlying lawsuit, it could only have been resolved in a separate action, hence, the need for a declaratory judgment action. Similarly, in the present case the coverage issue will not be decided in the underlying action. North Star is not a party to this underlying action. Therefore, it will not be barred by the doctrines of res judicata or collateral estoppel from bringing a declaratory judgment action after trial. *Black Hills Mfg. v. Felco Jewel Indust.*, 336 N.W.2d 153, 157 (S.D.1983).

We are additionally concerned that North Star may be unduly prejudiced if the coverage issue is not decided prior to trial of the underlying action. A possible scenario is that Arthur could admit liability or stipulate to negligence, leaving North Star powerless to defend its interests. Further, both Arthur and Patricia have an interest in having Arthur's conduct determined to be "negligent," rather than "intentional," because of the scope of the insurance coverage.

As we have noted, SDCL 21-24-14 provides that Chapter 21-24, South Dakota's Declaratory Judgment Act, is to be liberally construed and administered. *See, Kneip v. Herseth*, 87 S.D. 642, 647–48, 214 N.W.2d 93, 96 (1974). In keeping with the goals of this Act, we believe that a declaratory judgment action is the proper vehicle to resolve the coverage question prior to trial of the underlying action. The request-

ment for declaratory relief in cases where it is appropriate. The court may order a speedy

hearing of an action for a declaratory judgment and may advance it on the calendar.

ed jury trial for the declaratory judgment action will best determine if Arthur's acts were negligent or intentional. Thereby, coverage under the policy will be resolved and the question of North Star's duty to defend Arthur in the underlying action, settled.

Trial court abused its discretion in granting Arthur's motion for partial summary judgment. We reverse and remand for proceedings consistent with North Star's request for declaratory judgment.

II. *Did the trial court err in holding that North Star has a duty to defend Arthur Kneen in the underlying lawsuit?* We hold that it did not.

North Star asserts that it is not obligated to defend Arthur in the underlying lawsuit because the complaint bases a claim that is beyond the coverage of the insurance policy. North Star advocates that the facts in the case are such that it could be concluded that no coverage exists under the policy for any resulting liability. It is on this further basis, that North Star appeals from the trial court's Order for partial summary judgment.

■ Initially, we reiterate our holding in *Hawkeye–Security Ins. Co. v. Clifford*, 366 N.W.2d 489 (S.D.1985). Therein, we stated that an insurer's duty to defend and the duty to indemnify are on a totally independent footing. We held that an insurer's duty to defend was far broader than the duty to indemnify. *Id.* at 490.

As noted previously, Patricia alleged two alternative theories as the basis for her claim for damages for injuries inflicted. One theory (negligence) would potentially bring coverage into effect and the other theory, assault and battery (an intentional tort) would be outside of coverage because of the intentional act exclusion of the policy. North Star asserts that the facts are such in the case that no coverage exists under the policy. Therefore, North Star maintains it has no duty to defend.

In *Hawkeye–Security*, 366 N.W.2d at 491, this Court adopted the following proposition:

... if it is clear *or arguably appears* from the face of the pleadings in the action against the insured *that the alleged claim, if true, falls within policy coverage, the insurer must defend.* The review then ends, even though the pleadings are ambiguous or reveal other claims not covered in the policy, and notwithstanding that extraneous facts indicate the claim is false, groundless or even fraudulent.

*Id.* at 491–92. (Emphasis supplied). We similarly held in *Bayer v. Employers Reinsurance Corp.*, 383 N.W.2d 858, 860–61 (S.D.1986).

■ It is clear that North Star's duty to defend appears from the face of the pleadings. North Star has a duty to defend its insured in the underlying lawsuit because the pleadings regarding negligence, if true, provide a basis for potential liability. The fact that the lawsuit is based on theories brought in the alternative does not relieve North Star of its duty to defend. The South Dakota Rules of Civil Procedure allow a party to set forth two or more statements of a claim alternatively or hypothetically in separate counts. SDCL 15–6–8(e)(2).

■ North Star bears the burden of showing that it has no duty to defend its insured. The insurer must show that the claim *clearly* falls outside of policy coverage. *City of Fort Pierre v. United Fire and Cas. Co.*, 463 N.W.2d 845, 847 (S.D. 1990); *Bayer v. Employers Reinsurance Corp.*, 383 N.W.2d at 861; *Hawkeye–Security*, 366 N.W.2d at 492. If, after considering the complaint and where appropriate, other evidence of record, doubt exists whether the claim against the insured arguably falls within the policy coverage, such doubts must be resolved in favor of the insured. *City of Fort Pierre*, 463 N.W.2d at 847; *Hawkeye–Security*, 366 N.W.2d at 492. In the instant case, the facts alleged and pleaded indicate that there is an arguable basis for the belief that the injuries occurred as a result of negligent acts by Arthur Kneen. Thus, the duty of North Star to defend its insured in the action is triggered. Therefore, North

Star has not met its burden. The trial court did not err in ruling that North Star has a duty to defend its insured, Arthur Kneen, in the underlying lawsuit. However, due to our determination on Issue I, North Star's continued duty to defend is contingent upon the court's finding in the declaratory judgment action.

III. *Did the trial court err in denying Arthur Kneen's request for attorney's fees and expenses incurred in defending the declaratory judgment action?* We hold that it did not.

■ Through a Notice of Review, Arthur Kneen asserts that he was entitled, pursuant to SDCL 58–12–3, to an award of attorney's fees and expenses incurred in defending the declaratory judgment action. SDCL 58–12–3 provides as follows:

SDCL 58–12–3. Attorney fees—Recovery in action against self-insured employer or insurer failing to pay loss—other remedies not barred.

In all actions or proceedings hereafter commenced against any employer who is self-insured, pursuant to § 62–5–4, or insurance company, including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance, *if it appears from the evidence that such company or exchange has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause,* the department of labor, *the trial court and the appellate court, shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs ...*

To paraphrase SDCL 58–12–3, attorney's fees may be awarded if the insurance company has refused to pay the full amount of the loss, *and* that such refusal is vexatious or without reasonable cause. This Court has previously stated that the trial court must find conduct of the insurer to be vexatious or without reasonable cause. It is a question of fact and is reviewed under the clearly erroneous standard. *Tri–State Insurance Co. of Minnesota v. Bollinger,*

476 N.W.2d 697, 702 (S.D.1991); *Ewalt v. Mereen–Johnson Mach. Co.,* 414 N.W.2d 28 (S.D.1987); *Johnson v. Skelly Oil Co.,* 359 N.W.2d 130 (S.D.1984). Under the state of the record before us, it cannot be said that the trial court was clearly erroneous in failing to impose an award of attorney's fees. It cannot be said that North Star has acted vexatiously or without reasonable cause in seeking a clarification and determination of its rights and obligations. *See, American Family Mut. Ins. Co. v. Merrill,* 454 N.W.2d 555 (S.D.1990).

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

MILLER, C.J. and AMUNDSON, J., concur.

SABERS, J., concurs specially.

WUEST, J., deeming himself disqualified, did not participate.

SABERS, Justice (specially concurring).

Under these circumstances, it is far better to decide this case through declaratory judgment, prior to trial of the underlying lawsuit.

Since it appears clear that Arthur broke Patricia's arm, it follows that he will be liable for the damages, either negligently or intentionally.

If intentional, Arthur pays. If negligent, North Star pays. Since the only real issue is whether Arthur or North Star pays, declaratory judgment can resolve the real issue and eliminate the complicated conflict of interest question that North Star would otherwise face in the underlying lawsuit. It would not be fair to force North Star into a complicated conflict of interest position against its insured (Arthur) in the underlying lawsuit when it can so easily be avoided beforehand. *See generally, Carver v. Heikkila,* 465 N.W.2d 183 (S.D.1991) (for benefits of declaratory judgment action).