990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clifton BERGLEE, Plaintiff/Appellee.
v.
FIRST NATIONAL BANK, Defendant/Appellant.
 No. 92-35242.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided March 8, 1993.
 
 Before FARRIS and KLEINFELD, Circuit Judges, and EZRA, District Judge*
 MEMORANDUM**
 First National Bank of Brookings, South Dakota, ("the Bank") brings this appeal from the district court's entry of a monetary judgment of $252,876.71 in favor of plaintiff in a declaratory judgment action stemming from a dispute over the disbursement of proceeds from a loan agreement that existed between the parties. Berglee contends that the district court erred by applying Montana law rather than South Dakota law, and by awarding monetary damages in a declaratory judgment action. We agree, VACATE the monetary judgment in favor of Berglee, and REMAND for further proceedings in accordance with South Dakota law.
 I. Facts
 In 1987, the Bank extended a line of credit to Berglee, a Montana rancher, for the purchase, care, and feeding of livestock. Berglee authorized the Bank to disburse loan proceeds directly to Rick Woehlhaff, a cattle feeder who conducted a substantial amount of business with Berglee. Under the original terms of this arrangement, the bank distributed loan proceeds to Woehlhaff only upon presentation of a written claim for reimbursement. In the fall of 1987, that arrangement was modified to allow Woehlhaff to submit reimbursement requests by telephone.
 In March 1989, a dispute arose between Berglee and Woehlhaff with regard to feed statements. In a letter dated August 31, 1989, Berglee withdrew the Bank's authorization to make payments to other persons. Nevertheless, the Bank made subsequent payments to Woehlhaff in the amount of $252,876.71.
 The Bank asserted that it understood Berglee's August 31 letter to mean that authorization was withdrawn with respect to requests for payment submitted by Woehlhaff after August 31, 1989, but that the letter did not affect the Bank's authorization to disburse loan proceeds for requests made prior to that date.
 Berglee commenced this action in the District Court of Montana seeking a declaration that he was not indebted to the Bank for the allegedly unauthorized payments. The Bank counterclaimed for payment on the notes, for foreclosure under the security agreement, for damages sustained from the alleged sale of mortgaged property, and for unjust enrichment (for payments made by the Bank to Woehlhaff on Berglee's behalf).
 After two days of jury trial, the Bank dismissed all of its counterclaims except unjust enrichment. The district judge excused the jury and concluded the trial on the remaining issues of declaratory judgment and unjust enrichment.
 Applying Montana law, the court concluded that all disbursements by the Bank after its receipt of the August 31 letter were unauthorized. The court determined that Berglee was entitled to judgment in the amount of $252,876.71[1] and dismissed the Bank's counterclaim for unjust enrichment.
 The Bank contends that the district court erred by applying Montana law, by awarding monetary damages in a declaratory judgment action, and by rendering judgment in the absence of a necessary party.
 II. Standard of Review
 A district court's decision concerning the appropriate choice of law is reviewed de novo. Sparling v. Hoffman Construction Co., 864 F.2d 635, 641 (9th Cir.1988).
 Review of decisions to grant or deny declaratory relief is likewise de novo. Tashima v. Administrative Office of the U.S. Courts, 967 F.2d 1264, 1273 (9th Cir.1992).
 III. Analysis
 The district court applied the substantive law of the forum state, Montana, to Berglee's declaratory judgment action and to the Bank's counterclaim for unjust enrichment.
 A federal court sitting in diversity must apply the choice-of-law principles of the forum state. Martinez v. Asarco Inc., 918 F.2d 1467, 1470 (9th Cir.1990). See also Day & Zimmerman, Inc. v. Challoner, 423 U.S. 3, 4-5 (1975); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). Accordingly, the district court ought to have applied Montana choice-of-law principles.
 Under Montana law, it is the duty of the court to enforce contractual governing law provisions unless good morals or public policy are contravened. Steinke v. Boeing Co., 525 F.Supp. 234, 236 (D.Mont.1981) (enforcing a contractual choice of Washington law where contract was executed in Washington and to be performed in Montana). Each of the notes in dispute contained a choice-of-law provision selecting South Dakota law as controlling. EOR 4, 5[2]
 Berglee does not strenuously challenge the fact that the district court mistakenly chose to apply Montana law. He contends that the Bank failed to timely assert that South Dakota law governed the case, and that the choice of law had no significance to the outcome of the case.
 Berglee's first contention is clearly wrong. In its final pretrial order, the district court noted that the Bank contended that the substantive law of South Dakota controls.
 As to his second argument, there is a significant difference between Montana law and South Dakota law concerning unjust enrichment. The district court interpreted Montana law to require a plaintiff sounding a claim in unjust enrichment to "show some element of misconduct or fault on the part of the defendant, or that the defendant somehow took advantage of the plaintiff." Randolph V. Peterson v. J.R. Simplot Co., 778 P.2d 879, 883 (Mont.1989).[3] In dismissing the Bank's counterclaim, the district court relied on the fact that the Bank had presented no evidence of fault on the part of Berglee.
 South Dakota law does not require a showing of fault in a claim for unjust enrichment:
 It is a general principle of equity that one party shall not be enriched at the expense of another party. The enriched party may be required to make restitution of the value of the enrichment unless the enriched party has innocently changed its position to such a degree restitution would be inequitable. Enrichment can be unjust if it is a result of money paid by mistake.
 A.G. Edwards & Sons, Inc. v. Northwest Realty Co., 340 N.W.2d 187, 189 (S.D.1983) (citations omitted).
 Berglee contends that this difference is of no consequence since the existence of a contract barred the Bank's unjust enrichment claim. That argument is without merit. The premise of Berglee's declaratory judgment action was that the transfer of funds was unauthorized by the contract. Berglee urges us to accept both this premise and the contention that the contract's existence precludes the Bank's counterclaim. We reject the latter. The district court's decision to apply Montana law rather than South Dakota law was erroneous and affected the outcome of the case.
 The Bank also contends that the trial court erred in awarding Berglee a money judgment in a declaratory judgment action. Berglee did not sue for a money judgment of $252,000, and did not offer evidence upon which such a judgment could properly be based. The evidence showed that this was the amount charged by the Bank against Berglee's note for the feed purchased from Woehlhaff after Berglee withdrew his authorization from the Bank for these charges. All this entitled Berglee to was a declaratory judgment that he did not owe this money to the Bank on the note, and dismissal of the Bank's claim for recovery of this money on the note. That seems to be all he sought, except for a relatively small amount of claimed overpayment he had made, around $16,000.
 Since the Bank went to trial on its claim on the note, and then dismissed the claim after the evidence came in, it would be appropriate to recite in the judgment that the Bank shall take nothing on the note. The court should reformulate its judgment as a declaratory judgment, declaring that the Bank is not entitled to charges against the promissory note for money paid to Woehlhaff after the advice by Berglee. The district court should conduct such further proceedings as may be necessary to determine the extent of restitution appropriate, based upon such unjust enrichment as the Bank may be able to prove Berglee obtained from the feed paid for by mistake by the Bank.[4]
 We vacate the district court's judgment and remand for entry of an appropriate declaratory judgment and for application of South Dakota law to the Bank's unjust enrichment claim.
 VACATED and REMANDED.
 
 
 
 *
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36-3
 
 
 [1]
 The district court's order stated: "Plaintiff Berglee is entitled to judgment in the amount of $252,876.71." At oral argument, both parties said that they understood the order to be a monetary judgment rather than a declaration of rights, and that subsequent efforts to obtain a clarification to the contrary from the district court had been unsuccessful. Accordingly, the court treats the district court's judgment as an award of monetary damages
 
 
 [2]
 The text of the choice of law contained in the loan agreement reads: "This Note shall be governed by the substantive laws of the State named as part of the Bank's address above (South Dakota)."
 
 
 [3]
 Randolph has been subsequently criticized by the Montana Supreme Court. "[T]his standard [announced in Randolph ] may state an 'overly restrictive view of the availability of restitution.' " Schweigert v. Fowler, 784 P.2d 405, 410 (Mont.1990) (citing Burnham, Contract Damages in Montana Part II: Reliance and Restitution, 45 Mont.L.Rev. 1, 12 (1984))
 
 
 [4]
 Because we vacate the award of damages to plaintiff, we need not address defendant's argument that the district court erred by rendering judgment in the absence of a necessary party