# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

Nos. 95-3852/3884

———————————

| | | |
|---|---|---|
| Clifton Berglee, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| First National Bank, Brookings, | * | |
| South Dakota, | * | [PUBLISHED] |
| | * | |
| Appellee/Cross-Appellant. | * | |

———————————

Submitted:  April 16, 1998
Filed:  June 11, 1998

———————————

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

———————————

PER CURIAM.

Clifton Berglee appeals from the district court's order granting First National Bank (Bank) summary judgment on four of his claims for relief against the Bank because of res judicata.  The Bank cross-appeals from the grant of summary judgment for Berglee on his claim for coercive relief.  Berglee further appeals from the court's calculation of prejudgment interest awarded on his coercive-relief claim, and both parties appeal the denial of their postjudgment motions.  We reverse and remand.

This case has a long history and is a somewhat tangled skein. On October 4, 1989, the Bank paid $252,876.71 out of Berglee's account--a line of credit supported by a promissory note--to a cattle feeder named Woehlhaff without Berglee's personal authorization. In 1990, Berglee filed an action in Montana state court seeking a declaratory judgment that he did not owe the Bank for these unauthorized disbursements. The Bank removed the suit to the Montana federal district court and filed a setoff and an unjust enrichment counterclaim; the Bank later dismissed its setoff counterclaim, and following a bench trial the district court--applying Montana law-- dismissed the unjust enrichment counterclaim, ruled the disbursements were unauthorized, and awarded Berglee monetary damages in the amount of the disbursements. The Ninth Circuit, however, vacated the judgment; remanded the case for application of South Dakota law; and ordered the district court to enter only a declaratory judgment, because Berglee did not sue for a money judgment, and "did not offer evidence upon which such a judgment could properly be based." See Berglee v. First Nat'l Bank, No. 92-35242, 1993 WL 61388, at *3 (9th Cir. Mar. 8, 1993) (unpublished opinion).

On remand, Berglee filed an amended complaint alleging new claims for monetary relief, which were discovered at trial. In February 1994, the court granted the Bank's motion for summary judgment on these new claims, stating the court could not deviate from the Ninth Circuit's instructions to enter a declaratory judgment, but noting "this opinion does not address Berglee's right to assert these claims in a separate action filed in the appropriate jurisdiction. Rather, this order solely addresses Berglee's right to assert new claims for monetary relief in what was charged, tried, adjudged, appealed and finally remanded as a declaratory judgment." J.A. at 85. In September 1994, the Montana district court reformulated its prior judgment as a declaratory judgment for Berglee, dismissing the Bank's unjust enrichment counterclaim due to the Bank's wrongful conduct, unclean hands, and lack of good faith; and declaring the Bank was not entitled to a setoff against the unauthorized disbursements to Woehlhaff. In February 1995, the court denied Berglee's 22 U.S.C. § 2202 motion for coercive

relief in the amount of the declaratory judgment, relying on the Ninth Circuit's prior mandate not to award monetary damages. Neither Berglee nor the Bank appealed.

Also in December 1994, Berglee filed this present action for coercive relief in Montana state court. The case was removed to the Montana federal district court on diversity grounds and then transferred to the United States District Court for the District of South Dakota. Berglee asserted four "tort claims," and sought a coercive judgment to enforce the Montana district court's declaratory judgment. The South Dakota district court granted the Bank summary judgment on Berglee's tort claims, summarily concluding Berglee was precluded by res judicata from raising claims he had failed to raise in the prior declaratory judgment litigation. After determining the Montana district court had not ruled on the merits of Berglee's coercive-relief claim, the court granted Berglee summary judgment on that claim and awarded Berglee prejudgment interest. The court subsequently denied both the Bank and Berglee's postjudgment motions pertaining to the calculation of the award of coercive relief and prejudgment interest. Both Berglee and the Bank appeal.

We review a grant of summary judgment de novo, see Madewell v. Downs, 68 F.3d 1030, 1036 (8th Cir. 1995), and apply South Dakota's preclusion rules to determine the preclusive effect of the Montana district court's prior judgment, see Follette v. Wal-Mart Stores, Inc., 41 F.3d 1234, 1237 (8th Cir. 1994), reh'g, 47 F.3d 311 (8th Cir.), cert. denied, 516 U.S. 814 (1995).

We conclude res judicata does not bar Berglee from litigating his present tort claims, because the prior dismissal of these claims by the United States District Court for the District of Montana explicitly stated that the court was not addressing Berglee's right to bring these claims in a separate action. Such a dismissal is not a decision on the merits. See Allan v. Sheesley, 447 N.W.2d 361, 363 (S.D. 1989) (prior action accorded res judicata effect only if judgment on merits rendered). Furthermore, the Montana district court, relying on the Ninth Circuit's mandate, specifically precluded

Berglee from bringing these claims--which were discovered at the trial of the declaratory judgment action --as a part of that declaratory judgment action. Although Berglee was permitted to state his new additional tort claims in the form of an amended complaint in the declaratory judgment case after the Ninth Circuit's remand, the Montana district court made it clear that he was not given leave to amend to expand the issues and strictly enforced the Ninth Circuit's remand. See Mem. and Order (Feb. 3, 1994), J.A. at 84. Consequently, the tort claims dismissed by the South Dakota district court could not have been brought in the prior declaratory judgment action.

We further conclude that Berglee is not entitled to coercive relief. As the district court recognized, South Dakota law seemingly permits Berglee to pursue further, coercive relief to enforce the original declaratory judgment. See Carver v. Heikkila, 465 N.W.2d 183, 186 (S.D. 1991) (plaintiff who wins declaratory relief may pursue further coercive relief in action for same claim underlying declaratory judgment, even if plaintiff could have requested such relief initially). However, as the Ninth Circuit noted, Berglee has never offered any evidence to support a money judgment. The Bank made the unauthorized disbursements out of an account supported by a promissory note; by obtaining a declaratory judgment to the effect that he did not owe the Bank on the note for the amount of the disbursements, Berglee was made whole. As the Bank correctly argues, if the Bank is required both to erase the portion of the debt owed to it on the note represented by the disbursements of $252,876.71 as decreed by the Montana court, and also has to pay Berglee the amount of the disbursements as ordered by the South Dakota court, Berglee would receive a "double recovery."

Finally, because Berglee is not entitled to a money judgment, the parties' appeals from the denials of their postjudgment motions are dismissed as moot.

Accordingly, we reverse the judgment of the district court awarding coercive relief to Berglee, and dismissing Berglee's tort claims. We remand the tort claims for further proceedings consistent with this opinion.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.