# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

No. 95-3852/3884SDFS

Clifton Berglee,                          *
                                          *
    Appellant/Cross-Appelle,       *
                                          * Appeal from the United States
        vs.                   * District Court for the
First National Bank, Bookings,            * District of South Dakota
South Dakota,                             *
                                          *
    Appellee/Cross-Appellant.      *


    Appellant/cross-appellee Berglee's petition for panel rehearing is granted, and the clerk is directed to vacate the court's June 11, 1998 opinion and judgment. The clerk is directed to file the attached revised opinion and to issue a new judgment in accordance with the revised opinion.

                        October 7, 1998



Order Entered at the Direction of the Court:

Clerk, U.S. Court of Appeals, Eighth Circuit

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 95-3852/3884

_____

Clifton Berglee,                              *

                                        *

        Appellant/Cross-Appellee,   *

                                          *   Appeals from the United States

      v.                        *   District Court for the

                                          *   District of South Dakota.

First National Bank, Brookings,    *

South Dakota,                     *

                                          *

        Appellee/Cross-Appellant.   *

_____

Submitted:  April 16, 1998
Filed:  October 7, 1998

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Clifton Berglee appeals from the district court's order granting First National Bank (Bank) summary judgment on four of his claims for relief against the Bank because of res judicata.  The Bank cross-appeals from the grant of summary judgment for Berglee on his claim for coercive relief.  Berglee further appeals from the court's calculation of prejudgment interest awarded on his coercive-relief claim, and both parties appeal the denial of their postjudgment motions.  We reverse and remand.

This case has a long history and is a somewhat tangled skein.  On October 4,

1989, the Bank paid $252,876.71 out of Berglee's account--a line of credit supported by a promissory note--to a cattle feeder named Woehlhaff without Berglee's personal authorization. In 1990, Berglee filed an action in Montana state court seeking a declaratory judgment that he did not owe the Bank for these unauthorized disbursements. The Bank removed the suit to the Montana federal district court and filed a setoff and an unjust enrichment counterclaim; the Bank later dismissed its setoff counterclaim, and following a bench trial the district court--applying Montana law-- dismissed the unjust enrichment counterclaim, ruled the disbursements were unauthorized, and awarded Berglee monetary damages in the amount of the disbursements. The Ninth Circuit, however, vacated the judgment; remanded the case for application of South Dakota law; and ordered the district court to enter only a declaratory judgment, because Berglee did not sue for a money judgment, and "did not offer evidence upon which such a judgment could properly be based." See Berglee v. First Nat'l Bank, No. 92-35242, 1993 WL 61388, at *3 (9th Cir. Mar. 8, 1993) (unpublished opinion) (Berglee I).

On remand, Berglee filed an amended complaint alleging new claims for monetary relief, which were discovered at trial. In February 1994, the court granted the Bank's motion for summary judgment on these new claims, stating the court could not deviate from the Ninth Circuit's instructions to enter a declaratory judgment, but noting "this opinion does not address Berglee's right to assert these claims in a separate action filed in the appropriate jurisdiction. Rather, this order solely addresses Berglee's right to assert new claims for monetary relief in what was charged, tried, adjudged, appealed and finally remanded as a declaratory judgment." J.A. at 85. In September 1994, the Montana district court reformulated its prior judgment as a declaratory judgment for Berglee, dismissing the Bank's unjust enrichment counterclaim due to the Bank's wrongful conduct, unclean hands, and lack of good faith; and declaring the Bank was not entitled to a setoff against the unauthorized disbursements to Woehlhaff. In February 1995, the court denied Berglee's 22 U.S.C. § 2202 motion for coercive relief in the amount of the declaratory judgment, relying on the Ninth Circuit's prior

mandate not to award monetary damages. Neither Berglee nor the Bank appealed.

Also in December 1994, Berglee filed this present action for coercive relief in Montana state court. The case was removed to the Montana federal district court on diversity grounds and transferred to the United States District Court for the District of South Dakota. Berglee asserted four "tort claims," and sought a coercive judgment to enforce the Montana district court's declaratory judgment. The South Dakota district court granted the Bank summary judgment on Berglee's tort claims, summarily concluding Berglee was precluded by res judicata from raising claims he had failed to raise in the prior declaratory judgment litigation. After determining the Montana district court had not ruled on the merits of Berglee's coercive-relief claim, the court granted Berglee summary judgment on that claim and awarded Berglee prejudgment interest. The court subsequently denied both the Bank's and Berglee's postjudgment motions pertaining to the calculation of the award of coercive relief and prejudgment interest. Both Berglee and the Bank appeal.

We review a grant of summary judgment de novo, see Madewell v. Downs, 68 F.3d 1030, 1036 (8th Cir. 1995), and apply South Dakota's preclusion rules to determine the preclusive effect of the Montana district court's prior judgment, see Follette v. Wal-Mart Stores, Inc., 41 F.3d 1234, 1237 (8th Cir. 1994), reh'g, 47 F.3d 311 (8th Cir.), cert. denied, 516 U.S. 814 (1995).

We conclude res judicata does not bar Berglee from litigating his tort claims, because in the prior dismissal of these claims, the United States District Court for the District of Montana explicitly stated that the court was not addressing Berglee's right to bring these claims in a separate action. Such a dismissal is not a decision on the merits. See Allan v. Sheesley, 447 N.W.2d 361, 363 (S.D. 1989) (prior action accorded res judicata effect only if judgment on merits rendered). Furthermore, the Montana district court, relying on the Ninth Circuit's mandate, specifically precluded Berglee from bringing these claims--which were discovered at the trial of the

declaratory judgment action--as part of that declaratory judgment action. Although Berglee was permitted to state his new additional tort claims in the form of an amended complaint in the declaratory judgment case after the Ninth Circuit's remand, the Montana district court made it clear that he was not given leave to expand the issues and strictly enforced the Ninth Circuit's remand. See Mem. and Order (Feb. 3, 1994), J.A. at 84. Consequently, the tort claims dismissed by the South Dakota district court could not have been brought in the prior declaratory judgment action.

We further conclude that Berglee is not entitled to summary judgment on his claim for coercive relief. As the district court recognized, South Dakota law seemingly permits Berglee to pursue further, coercive relief to enforce the original declaratory judgment. See Carver v. Heikkila, 465 N.W.2d 183, 186 (S.D. 1991) (plaintiff who wins declaratory relief may pursue further coercive relief in action for same claim underlying declaratory judgment, even if plaintiff could have requested such relief initially). However, no money judgment is supported by the evidence presented. The Bank made unauthorized disbursements "to Woehlhaff in the amount of $252,876.71" (Berglee I, 1993 WL 61388 at *1) and was instructed by the court that Berglee "did not owe this money to the Bank on the note." Id. at *3. To force the bank both to credit Berglee's debt for this amount and to pay him that same amount would constitute a double recovery for Berglee.

On the other hand, there is no evidence in the record before us that the Bank actually did credit Berglee with $252,876.71, as of October 4, 1989, the date of the unauthorized disbursements, as mandated by the Ninth Circuit and the district court of Montana. In response to Berglee's petition for rehearing of our original panel opinion, the Bank asserts that we should infer it has complied with the Ninth Circuit's mandate from the fact that it has not attempted to collect that debt from Berglee without showing us in a simple, straightforward way that it has done so. There are many other inferences which could be drawn from the asserted decision not to pursue the debt, many of which do not tend to prove the Bank's compliance. One such inference is that

the Bank sold Berglee's cattle, applied the proceeds of the sale against his promissory note, but never issued him credit for the $252,876.71. If one infers this, the Bank would not initiate collection action because it has retained a greater portion of the proceeds from the cattle sale than that to which it was entitled. In such a case, it would not be eager to initiate a collection proceeding which might clarify the accounting.

We decline to draw this or any other inference. We have remanded for trial Berglee's claim that the Bank converted his cattle, along with the rest of his claims against the Bank. Berglee alleges that the Bank sold nearly $1.2 million worth of cattle and applied the proceeds against a debt of a considerably smaller amount. If he proves this, he may be entitled to a recovery. If his proof fails, he may not recover. But whatever else he may show regarding the value of cattle sold or the amount he owed the Bank, it is long since settled that his debt to the Bank does not include the $252,876.71 disbursed on October 4, 1989, or any interest assessed on that amount. (See, e.g., Mont. Dist. Ct. J. (Sept. 20, 1994); J.A. at 88.)

The district court, in awarding Berglee his requested coercive relief, also granted him prejudgment interest from the date of the Montana district court judgment. Our resolution of this case precludes an award of prejudgment interest at this stage of the litigation. Nonetheless, we make clear that, as a result of the previous proceedings in the Ninth Circuit, the Bank must credit Berglee's account with $252,876.71, and that credit must be given as of October 4, 1989, the date of the unauthorized disbursement. Berglee did not receive a money judgment from the Montana district court, and therefore his relief cannot be increased by an amount of interest, as though he had actually prevailed on his claim at an earlier date. But, by entering the credit to which he is entitled as of the very date on which the Bank made its unauthorized disbursements, Berglee is absolved of responsibility for paying any interest on the unauthorized $252,876.71 from October 4, 1989, forward. However, as the litigation over his remaining claims advances, the correct assessment of the parties' obligations will undoubtedly hinge on the effective date of that credit.

Since Berglee is not entitled to coercive relief enforcing the judgment of the Montana district court, the parties' appeals from the denials of their postjudgment motions are dismissed as moot.

Accordingly, we reverse the judgment of the district court awarding coercive relief to Berglee and dismissing Berglee's tort claims. We remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.