# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2884

_____

Clifton Berglee, DVM,                               *
                                                    *
            Appellant,                              *
                                                    *        Appeal from the United States
      v.                                            *        District Court for the
                                                    *        District of South Dakota.
First National Bank of Brookings,                   *
South Dakota,                                        *        [PUBLISHED]
                                                    *
            Appellee.                               *


_____

Submitted: October 15, 2001
     Filed:  April 19, 2002

_____

Before BOWMAN, BRIGHT, and HANSEN, Circuit Judges.

_____

PER CURIAM.

      Dr. Berglee brought this coercive action to recover $252,876.71 from the First National Bank (Bank) based on a Montana federal district court's declaratory judgment that the Bank had disbursed funds from Berglee's line of credit without his authorization. Berglee also claimed in this action that the Bank committed fraud in the wrongful handling of his accounts and converted proceeds from the sale of his cattle. On motions for summary judgment, the district court determined that Berglee was entitled to coercive relief but that his tort claims were barred by res judicata. Our

court reversed the district court and remanded for a trial on the merits of Berglee's claims. See Berglee v. First Nat'l Bank, 159 F.3d 342 (8th Cir. 1998) (per curiam). We held that the doctrine of res judicata did not bar Berglee's tort claims and that a trial on the coercive relief claim was necessary to ascertain whether the Bank had already credited Berglee's accounts for the unauthorized disbursements.[1] Id. at 344-45. In relation to the conversion claim, we noted that Berglee was entitled to pursue his theory that the Bank sold nearly $1.2 million worth of his cattle but did not fully credit his loan accounts with the proceeds from the sale. At trial, the district court[2] granted the Bank's motion for judgment as a matter of law on Berglee's fraud claim, and the jury returned a verdict in favor of the Bank on the remaining claims. Id. at 345. The district court denied Berglee's motion for a new trial, and Berglee appeals.

Berglee argues that the district court failed to give the Montana district court's declaratory judgment the preclusive effect it deserves. See Austin v. Super Valu Stores, Inc., 31 F.3d 615, 618 (8th Cir. 1994) (discussing when one federal district court exercising diversity jurisdiction must give full faith and credit to the decision of a federal district court in another forum state). In Berglee's previous appeal, we made it clear that the declaratory judgment action established that "the Bank must credit Berglee's account with $252,876.71, and that credit must be given as of October 4, 1989, the date of the unauthorized disbursement." Berglee, 159 F.3d at 345. The district court instructed the jury in conformance with our statement and submitted to the jury the question of whether the Bank had actually credited Berglee's accounts. We find nothing to suggest that the district court permitted any issue to be reopened that already had been resolved in the previous declaratory judgment action.

---

[1]A more detailed recitation of the facts and procedural history of this case can be found in our earlier opinion.

[2]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

We similarly conclude that the district court did not abuse its discretion when it excluded from evidence the written court decisions and judgments that have been issued in this litigation's history. See United Fire & Cas. Co. v. Historic Pres. Trust, 265 F.3d 722, 727 (8th Cir. 2001) ("District courts have broad discretion to place reasonable limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence."). There was ample evidence presented at trial documenting the nature of the past court proceedings. Moreover, the district court eliminated any need for the actual court documents by instructing the jury on the factual and legal issues that already had been litigated and resolved in the prior proceedings.

Berglee argues that the district court committed reversible error by refusing to instruct the jury that the Bank's responses to requests for admissions conclusively established that the Bank retained certain proceeds from the sale of his cattle without crediting his accounts. In general, our review of a district court's instructions to the jury "is limited to whether the instructions, viewed on the whole, fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case." Klisch v. Meritcare Med. Group, Inc., 134 F.3d 1356, 1358 (8th Cir.1998). Where a district court fails to instruct on a particular issue, we will reverse the district court if that failure is prejudicial. Scamardo v. Scott County, 189 F.3d 707, 711 (8th Cir. 1999). Given our court's previous decision winnowing Berglee's conversion claim, the district court committed no error in permitting the Bank to present evidence explaining the generic financial information contained in the Bank's responses to Berglee's requests for admissions. See Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 64 F.3d 1202, 1210 (8th Cir. 1995) ("The conclusive effect envisioned by the rule may not be appropriate where requests for admissions or the responses to them are subject to more than one interpretation."). In order to determine whether the Bank properly credited Berglee's accounts, the jury needed detailed information about the sale of the cattle and the accounts that were credited with the proceeds. The Bank's responses alone did not contain adequate information

to permit the jury to disentangle the convoluted financial transactions that occurred. As a consequence, Berglee was not prejudiced by the district court's refusal to instruct the jury that the Bank's admissions were conclusive on any particular issue.

The remaining arguments Berglee raises on appeal lack merit. The district court addressed and rejected these arguments when Berglee raised them as grounds for a new trial, and Berglee has not provided any relevant legal authority on appeal to show that the district court erred. See Molasky v. Principal Mut. Life Ins. Co., 149 F.3d 881, 885 (8th Cir. 1998) (rejecting arguments on appeal where no legal authority was cited to support them). In any event, we agree with the district court's thorough and well-reasoned decision. Finding no grounds for reversal, we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4