**NOT RECOMMENDED FOR PUBLICATION**

File Name: 05a0704n.06

Filed: August 15, 2005

No. 03-4148

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NAMIR NOEL HANNOUDI | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **ON PETITION** FOR REVIEW |
| | ) | OF AN ORDER OF THE |
| JOHN ASHCROFT, | ) | BOARD OF IMMIGRATION |
| United States Attorney General, | ) | APPEALS |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**Before: MARTIN and ROGERS, Circuit Judges; and FORESTER,** [*] **District Judge.**

**KARL FORESTER, Senior District Judge.**  Namir N. Hannoudi petitions for review of

the Board of Immigration Appeals' ("BIA") decision denying his request for asylum,

withholding of removal, and protection under the Convention Against Torture.  The BIA denied

Hannoudi's motion finding that the inconsistencies in his testimony supported the Immigration

Judge's ("IJ") adverse credibility finding.

---

[*] The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District
of Kentucky, sitting by designation.

## FACTUAL AND PROCEDURAL BACKGROUND

Namir N. Hannoudi, a native and citizen of Iraq, entered the United States around March 18, 1997 in New York, New York.  Subsequently, on January 29, 1998, Hannoudi filed a written application for asylum with the Immigration and Naturalization Service, in which he claimed that he was discriminated against and harassed in Iraq because he was a Christian.  An asylum officer declined to grant Hannoudi's application, and Hannoudi was placed in removal proceedings on March 9, 1998.  Hannoudi has conceded his removability, but requests relief in the form of asylum, withholding of removal, or protection under the Convention Against Torture.

While in Iraq, Hannoudi served in the Iraqi military, where he claims he was unfairly jailed by his military unit, and was transferred to what he calls "hazardous duty" on the Iraqi border.  After completing his military service, Hannoudi started a small business as a car mechanic in May of 1991.  In 1996, a member of the Ba'ath party requested that Hannoudi perform free service on his car.  Hannoudi stated that he originally acquiesced in the Ba'ath member's request, but that he subsequently refused when the Ba'ath member requested a large monetary bribe.  On January 4, 1997, the party member returned to Hannoudi's business with two other men, destroyed items in Hannoudi's shop, and arrested and jailed Hannoudi for overcharging for goods and for "threatening the national economy in a conspiracy to undermine Saddam Hussein."  JA 232.  After being jailed for three weeks, Hannoudi stated that a security officer allowed him to escape to Turkey, and then to the United States.

2

Hannoudi added several facts to those given in his initial application when he made statements to the asylum officer, and again when he filed his asylum application with the Immigration Court on October 15, 1999. Hannoudi stated that he had been ordered to repair large guns but was unable to complete the task and that was why he was jailed in 1985. He also stated that the Ba'ath party member who wanted free car service insulted him for not being a Ba'ath party member. In relation to his 1997 jail time, Hannoudi stated that he was given only one meal per day, that he was always cold, and that he was deprived of sleep. In addition, to facilitate his escape from incarceration, Hannoudi stated that his brother paid a bribe of one and a half million Iraqi dinars.

The asylum officer observed that Hannoudi failed to demonstrate that he was in any way targeted on account of his Christian faith or political opinion. Furthermore, the asylum officer found that Hannoudi could not establish a well-founded fear of future persecution on account of a protected ground. Therefore, the asylum officer declined to grant Hannoudi's application and referred his case to the immigration court for removal proceedings.

During the removal proceedings, Hannoudi's story changed even more. He testified that when he was jailed in 1985, he was placed in an aluminum cell, which caused him to overheat. He further testified that the Ba'ath member that wanted free car service threatened to slit his throat when he refused to pay the bribe sought. Hannoudi admitted that he used American dollars, which was illegal under the regime of Saddam Hussein, but claimed that his arrest was an excuse to target him because of his Christian religion. In addition, Hannoudi testified, for the first time, that he was tortured following his arrest in 1997. He stated that the officers

3

handcuffed him, tortured him, hit him until he bled, and tied him up like he was on a cross, perhaps because he was a Christian.

When questioned about the abuse he encountered, Hannoudi attempted to explain the omission of the abuse allegations from his asylum application. He offered several reasons for the inconsistencies. Initially he blamed his interpreter, and stated that he did not know English when he completed his initial asylum application and during his interview with the asylum officer. Hannoudi also alleged that the interpreter might have failed to recount his story correctly because the interpreter was a Muslim. Finally, Hannoudi stated that he was aware that his written application contained mistakes when he submitted it to the immigration court, but was not aware that he was allowed to make corrections.

The immigration judge found that Hannoudi was not credible and identified multiple material inconsistencies between his written application and his testimony. First, the immigration judge noted that Hannoudi claimed to have high grades and that he was not admitted to the university because he was Christian. In reality, Hannoudi's grades were actually barely above the passing mark and Hannoudi had to take the university-admittance test twice before he was able to pass. The immigration judge also noted the inconsistencies in Hannoudi's testimony regarding his prison conditions and threats he received. Finding these inconsistencies to be material, the immigration judge "inferr[ed] from this testimony that [Hannoudi was] making things up as he testifie[d]." JA 117. Accordingly, Hannoudi's request for asylum, withholding of removal, or protection under the Convention Against Torture, was denied by the immigration judge.

Hannoudi subsequently fired his initial attorney and hired new counsel to represent him on appeal. The Board of Immigration Appeals dismissed Hannoudi's appeal, finding that inconsistencies noted by the immigration judge were material and that Hannoudi failed to adequately explain the inconsistencies. The Board of Immigration Appeals also found that Hannoudi failed to demonstrate that his counsel was ineffective or that he had been "prejudiced by his former counsel's actions or inaction." Accordingly, the Board of Immigration Appeals denied Hannoudi's motion to reopen and remand his case.

## ANALYSIS

Hannoudi argues that his counsel's deficiencies denied him his due process right to a full and fair hearing. The Board of Immigration Appeals found that Hannoudi did not establish that his counsel was ineffective or that he had been prejudiced by his former counsel's actions. In his brief before this Court, Hannoudi has presented no evidence that the Board of Immigration Appeals was incorrect in its findings. Rather, he attempts to offer more reasons why his counsel was ineffective.

Hannoudi argued before the BIA that he was denied a full and fair hearing because his counsel was ineffective for failing to draft adequate affidavits for his witness, for failing properly to clarify inconsistencies in the record, for failing to rehabilitate Hannoudi, and for failing properly to admit a psychological evaluation. See *Huicochea-Gomez v. INS*, 237 F.3d 696, 699-700 (6th Cir. 2001). The BIA found, however, that Hannoudi had failed to identify any information which should have been added to the allegedly deficient affidavits, that Hannoudi had in fact been given a change to clarify inconsistencies in the record, that there was no indication that Hannoudi could have been rehabilitated, and that the Immigration Judge did in

5

fact consider the psychological report submitted by Hannoudi's counsel.  Hannoudi has presented no evidence that the BIA was incorrect in these findings.  Instead, Hannoudi simply attempts to list more reasons why his counsel was ineffective.  This is insufficient to compel a finding contrary to that of the BIA.

The Court therefore agrees with the Board of Immigration Appeals that Hannoudi has failed to meet his burden of demonstrating that any deficiencies on the part of his prior counsel rendered his removal proceedings "essentially unfair."  See, Id.

## CONCLUSION

For the foregoing reasons, we DENY the petition for review.